**UNITED STATES of America,**
**Plaintiff,**

v.

**BOSTON AND MAINE RAILROAD**
**et al., Defendants.**

**Crim. A. No. 63–252–S.**

United States District Court
D. Massachusetts.

Dec. 3, 1963.

See publication Words and Phrases for other judicial constructions and definitions.

———◆———

John H. Dougherty, Atty., Dept. of Justice, Washington, D. C., Murray H. Falk, Asst. U. S. Atty., Stephen Moulton, Asst. U. S. Atty., Boston, Mass., for the United States.

Edward B. Hanify, Ropes & Gray, Boston, Mass., Neal Holland, General Counsel, Boston and Maine Railroad, Boston, Mass., for Boston and Maine Railroad.

Claude B. Cross, John M. Reed, Withington, Cross, Park & McCann, Boston, Mass., for Daniel A. Benson.

Edward O. Proctor, Ely, Bartlett, Brown & Proctor, Boston, Mass., for George F. Glacy.

Lawrence R. Cohen, Boston, Mass., William T. Griffin, New York City, for Patrick B. McGinnis.

Jackson J. Holtz, Cornelius J. Sullivan, Holtz, Sullivan & Zonderman, Bos-

ton, Mass., for Henry Mersey International Railway Equipment Corp.

SWEENEY, Chief Judge.

There are before me motions of the defendants Boston and Maine Railroad, Daniel A. Benson, Patrick B. McGinnis and George F. Glacy to dismiss Count I of the indictment in the above case in the light of a Bill of Particulars filed by the government. In this Count of the indictment the defendants are charged with violation of Section 10 of the Clayton Act (15 U.S.C. § 20) which provides "No common carrier engaged in commerce shall have any dealings in securities, supplies, or other articles of commerce, * * with another corporation, firm, partnership, or association when the said common carrier shall have upon its board of directors or as its president, manager, or as its purchasing or selling officer, or agent in the particular transaction, any person who is at the same time a director, manager, or purchasing or selling officer of, or who has any substantial interest in, such other corporation, firm, partnership, or association, * * * " except by competitive bidding.

The government concedes that there are no interlocking directors, and it bases its case upon the allegation that the named individual defendants had a "substantial interest" in the defendant International. The Bill of Particulars discloses that the "substantial interest" in this case consists of "an understanding, agreement, relationship, arrangement and concert of action among the said defendants McGinnis, Glacy, and International, and others, for, among other things, the purpose of producing profits for International from dealings by it in property acquired from the B & M through the intervention, direction or assistance of defendants McGinnis, Glacy, and Benson, and pursuant to which defendants McGinnis, Glacy, and Benson were to and did receive substantial monies."

The motions to dismiss Count I of the indictment are allowed on the basis of my construction of the statute. I rule as a matter of law that the words "any substantial interest" as used in the statute do not cover a situation such as here presented. The statute is limited to one who has a then present legal interest in the buying corporation and does not include one whose only interest is in the outcome of what may have been an illegal and illicit plan to siphon off for his personal benefit property of the Boston and Maine Railroad through the medium of International.